AARON D. FORD
  Attorney General
GERRI LYNN HARDCASTLE,
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendants*
*Romeo Aranas and Don Poag*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD R. GATES, | Case No. 3:16-cv-00401-MMD-CBC |
| Plaintiff, | |
| vs. | **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| ROBERT LEGRAND, et al., | |
| Defendants. | |

Defendants Romeo Aranas and Don Poag by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this Honorable Court for an enlargement of time to reply to Plaintiff's opposition to Defendants' motion for summary judgment. This motion is based on Fed. R. Civ. P. 6(b), the following memorandum of points and authorities, and all papers and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      FACTS AND RELEVANT PROCEDURAL HISTORY**

This is a prisoner civil rights action brought by Plaintiff Richard Gates (Plaintiff), pursuant to 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution. The Court has permitted Plaintiff to proceed with three Counts alleging an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Hegge, Poag and Aranas. ECF No. 7 at 12.

/ / /

/ / /

On March 19, 2019, Defendants filed their Motion for Summary Judgment (MSJ). ECF No. 38. Plaintiff opposed the motion on April 4, 2019. ECF No. 43. Defendants reply is therefore due today, April 18, 2019. However, Defendants need additional time to reply to Plaintiff's opposition.

Recently, Defendants' counsel encountered unexpected health problems requiring surgery and preventing her from being in the office. Although counsel has now returned to work, her professional obligations have been especially demanding as a result of her absence. Therefore, counsel respectfully requests one additional week to file her clients reply.

## II.    DISCUSSION

### A.    Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

/ / /

/ / /

/ / /

**B.     Good cause exists to enlarge the time for Defendants to reply.**

Defendants' reply to Plaintiff's opposition to their MSJ is due today, so they are seeking an extension before the expiration of the deadline.  Accordingly, Defendants need only demonstrate good cause for the requested enlargement.

Defendants assert that good cause exists for this Court to enlarge the time for Defendants to reply to Plaintiff's opposition.  As stated, their counsel has recently been out of the office due to unexpected health problems.  Although she has now returned, her absence has cause her workload to increase significantly.  Consequently, Defendants respectfully request an extension of one week to file their reply.

**IV.     CONCLUSION**

Based on the foregoing, Defendants respectfully request that this Court allow them one additional week (or up to and including Thursday, April 25, 2019) to reply to Defendants opposition to their motion for summary judgment.

DATED this 18th day of April, 2019.

AARON D. FORD
Attorney General

By: _____
GERRI LYNN HARDCASTLE
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: 4/25/2019

3

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 18th day of April, 2019, I caused to be served a copy of the foregoing, **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**, by U.S. District Court CM/CFE Electronic Filing to:

Richard Gates #27835
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419
lcclawlibrary@doc.nv.gov

An employee of the Office
of the Attorney General

4