UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICHARD R. GATES,

Plaintiff,

v.

D. POAG, *et al.*,

Defendants.

Case No. 3:16-cv-00401-MMD-CBC

ORDER

## I. SUMMARY

*Pro se* Plaintiff Richard R. Gates, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment under 42 U.S.C. § 1983 against correctional facility medical officials generally arising from his contention that he was not permitted to refill his inhaler prescription sufficiently frequently. (ECF No. 5.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla B. Carry (ECF No. 48), recommending that the Court grant Defendants' case-dispositive summary judgment motion (ECF No. 38) because Defendants did not personally participate in the alleged constitutional violations. Plaintiff filed an objection to Judge Carry's Recommendation.[1] (ECF No. 49.) As further explained below, the Court will overrule Plaintiff's objection because the Court agrees with Judge Carry's analysis of the underlying summary judgment motion, and will fully adopt the R&R, resolving this case in Defendants' favor.

///

---

[1] The Court also reviewed Defendants' response to Plaintiff's objection. (ECF No. 51.)

## II. BACKGROUND

The Court incorporates by reference Judge Carry's recitation of the factual background of this case (ECF No. 48 at 1-4), and does not recite it here. As relevant to Plaintiff's objection, Judge Carry recommends granting summary judgment to Defendants Romeo Aranas and Don Poag because they did not personally participate in Plaintiff's alleged constitutional violations. (*Id.* at 6-10.) Notably, Judge Carry found undisputed the fact that Plaintiff received the inhaler prescription refill he requested in January 2015—before either Poag or Aranas responded to his grievance requesting that his inhaler prescription be refilled. (*Id.* at 9.) She pointed in pertinent part to a declaration Plaintiff filed with his response to Defendants' motion for summary judgment, where Plaintiff listed the following facts as undisputed:

> Fact 30: The Xopenex Inhaler was refilled in January of 2015
> Fact 31: I was forced to refuse the Xopenex Inhaler in January of 2015 because of legal issues of mootness were now attached.

(*Id.* (citing ECF No. 43 at 10).) Judge Carry goes on to determine that Defendants did not know about Plaintiff's alleged constitutional violations until after they were remedied. (*Id.*) As such, Judge Carry found "that after-the-fact knowledge of an alleged constitutional violation, which was already remedied, cannot rise to the level of participation required for a § 1983 suit." (*Id.*)

## III. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's objection to the R&R, the Court has undertaken a de novo review of it, including the underlying briefs.

///

///

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere

existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Following a de novo review of the R&R, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Carry's R&R in full. The Court addresses below Plaintiff's objection.

Plaintiff primarily objects that Judge Carry ignored key pieces of evidence attached as exhibits to his operative complaint that demonstrate material issues remain for a trier of fact. (ECF No. 49 at 1-2.) Defendants counter that they did not personally participate in the alleged constitutional violation because "the undisputed facts indicate Plaintiff received COPD [chronic obstructive pulmonary disease] treatment before the Defendants could have known about the alleged violations." (ECF No. 51 at 2.) The Court agrees with Defendants. First, Plaintiff does not specifically point out the key pieces of evidence attached to his complaint Judge Carry ignored, nor does he explain how that evidence would have changed her analysis if she considered it as he wishes she did. (ECF No. 49 at 1-3.) Second, in reviewing Plaintiff's operative complaint and the evidence he submitted with it (ECF Nos. 5, 6), the Court was unable to locate any evidence contradicting Judge Carry's key factual finding—that Plaintiff received an inhaler prescription refill before Defendants responded to his pertinent first and second level grievances (ECF No. 48 at 9). The Court therefore overrules the portion of Plaintiff's objection arguing that Judge Carry ignored key pieces of evidence.

Plaintiff otherwise seems to argue that Judge Carry erred in two discovery rulings by not recognizing that certain of Defendant Aranas' objections to Plaintiff's requests for admissions were improper, and by denying one of Plaintiff's motions for extension of time.[2] (ECF No. 49 at 2, 3.) However, Plaintiff again does not explain how contrary rulings would have changed the factual foundation upon which Judge Carry's R&R rests. Said

---

[2] Plaintiff's objections to these rulings are also untimely. *See* LR IB 3-1(a) (providing the deadline to file and serve any objections is 14 days after the order is served).

4

otherwise, Plaintiff does not even argue that different discovery rulings would have established anything contrary to the key facts that Plaintiff received an inhaler prescription refill in January 2015, and Defendants did not respond to his appeals-level grievances requesting his prescription be refilled until after that—after it had been refilled. Plaintiff's arguments regarding Judge Carry's discovery rulings are therefore irrelevant to the R&R. Thus, the Court also overrules the portion of Plaintiff's objection based on purported errors in Judge Carry's discovery rulings.

Moreover, the Court agrees with Judge Carry's key legal finding "that after-the-fact knowledge of an alleged constitutional violation, which was already remedied, cannot rise to the level of participation required for a § 1983 suit." (ECF No. 48 at 9 (citation omitted).) *See also, e.g.*, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (finding insufficient personal participation even where there was an unremedied alleged underlying constitutional violation where, "[n]othing the police chief did subsequent to the incident could affect [the plaintiff's] liability for the incident."). In sum, the Court overrules Plaintiff's objection to the R&R. The Court will therefore adopt the R&R, grant Defendants' summary judgment motion, and resolve this case in Defendants' favor.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla B. Carry (ECF No. 48) is accepted and adopted in full.

It is further ordered that that Defendants' motion for summary judgment (ECF No. 38) is granted.

///

///

///

5

The Clerk of Court is directed to enter judgment in Defendants' favor in accordance with this order and close this case.

DATED THIS 23rd day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE